## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| DANIELLE ANTONELLI, | : | |
| | : | |
| Plaintiff, | : | Civil No. 1:17-CV-06614-RBK-JS |
| v. | : | |
| | : | **OPINION** |
| JUDGE JOHN MATHEUSSEN, and | : | |
| AMANDA SMITH, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter arises from the New Jersey Division of Youth and Family Service's (hereinafter, "DYFS") removal of plaintiff Danielle Antonelli's ("Plaintiff") daughter, Celena Antonelli, which was ordered by Defendant Amanda Smith and affirmed by Defendant Judge John Matheussen (collectively, "Defendants"). Presently before the Court is Defendants' Motion to Dismiss Plaintiff's complaint. For the reasons set forth below, Defendants' motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This case arises from DYFS's removal of Plaintiff's daughter. (Compl. at 3). Plaintiff alleges that Plaintiff's 7-year-old daughter, C.A., went missing around 9:30 P.M. on July 18, 2017.

---

[1] Plaintiff's complaint is largely illegible, making the alleged facts underlying Plaintiff's claims difficult to ascertain. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), however, the Court must "accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the non moving party." *Flora v. Cty. Of Luzerne*, 776 F3d 169, 175 (3d Cir. 2015). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

(*Id.*) Plaintiff called the Glassboro Police station and the responding officers assisted Plaintiff in finding her daughter in the neighborhood. (*Id.*) Plaintiff alleges that she was subsequently the victim of false allegations of abuse and neglect. It is unclear, however, what specifically Plaintiff was accused of. (*Id.*) Plaintiff alleges that because of those allegations, Defendant Amanda Smith ordered another DYFS employee, Ebony Russell, to wrongfully remove C.A. from Plaintiff's home. (*Id.*) Plaintiff alleges that Defendant Smith ordered the removal of C.A. without a judge's signature. (*Id.*) Plaintiff is distressed because C.A. was placed with her allegedly abusive father, Dwayne Grant. (*Id.*)

Plaintiff alleges that Defendant Judge John Matheussen "agreed with [the] false allegations of abuse and neglect," and that both Defendants were aware of C.A.'s mental health disabilities. (*Id.*) Although, again, it is unclear what disabilities Plaintiff is referring to and how that knowledge relates to Plaintiff's claims against Defendants. In addition, Plaintiff alleges that Judge Mary Beth Kramer's signature was forged on the emergency removal papers, but Plaintiff does not identify who she believes forged the signature. (*Id.*)

Plaintiff seeks $1,000,000.00 in damages for her and her three children's subsequent suffering. (*Id.* at 4) Plaintiff's claims include: defamation; slander and libel; negligent infliction of emotional distress; Violence Against Women Act violations; Domestic Violence; Americans with Disabilities Act violations; and criminal violations not cognizable in civil litigation. In addition, Plaintiff alleges violations of her constitutional rights, which we construe under 42 U.S.C. § 1983, giving this Court federal-question jurisdiction.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). On a motion under Rule 12(b)(1), it is the plaintiff who bears the burden of establishing subject-matter jurisdiction. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 178 (3d. Cir. 2000).

A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the Court's jurisdiction. *Gould Elecs.*, 220 F.3d at 176. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993)). By contrast, "[i]n reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a

motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, The court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

### A. The Court does not have subject-matter jurisdiction because Defendants are entitled to sovereign immunity.

#### 1. Smith is entitled to sovereign immunity.

States, state agencies, and state officials cannot be sued when acting in their official capacities under the principles of the Eleventh Amendment. *Hans v Louisiana*, 134 U.S. 1, 10-12 (1890); *Alden v. Maine*, 527 U.S. 706, (1999); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989) (affirming that § 1983 does not provide a forum for private litigants who seek a remedy against a State because the Eleventh Amendment bars such suits unless the State has waived such immunity). The Eleventh Amendment to the United States Constitution provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

Although not expressly stated in the language of the Amendment, the Supreme Court has held that a State's immunity extends to agencies and officials that are considered arms of the state. *Ford Motor Co. v Dep't of Treasury of State of Indiana*, 323 U.S. 459, 462 (1945); *Edelman v. Jordan*, 415 U.S. 651, 662-64 (1974); *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). Confirming several district court decisions, the Third Circuit has recently affirmed that DYFS is indisputably a state entity and entitled to sovereign immunity. *Howard v. N. J. Div. of Youth and Fam. Serv*, 398 F. App'x 807, 812 (3d Cir. 2010); *Doe v. Div. of Youth and Fam. Serv.*, 148 F.Supp.2d 462, 483-90, (D.N.J. 2001) (where the court found that DYFS employees were entitled to sovereign immunity and Congress had not abrogated that immunity in passing the Americans with Disabilities Act).

Defendant Smith is an employee of DYFS. Plaintiff's claims are based solely on actions taken by Defendant Smith in her official capacity. Defendant Smith is therefore considered an arm of the state and is immune to suit in federal court in this case.

Having established that Defendant Smith is entitled to sovereign immunity, we must examine the exceptions to such immunity: 1) congressional abrogation; 2) waiver by the state; and 3) suits requesting injunctive or declaratory relief to end a continuous violation of federal law against individual state actors. *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001); *Ex Parte Young*, 209 U.S. 123 (1908). First, it has been established by the Supreme Court that "a State is not a 'person' within the meaning of §1983" and therefore Congress has not

abrogated sovereign immunity in this case. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Second, Defendant Smith has not waived immunity.

Finally, Plaintiff has not requested declaratory or injunctive relief. The Supreme Court declared that state officials acting in their official capacity function as arms of the state and may invoke sovereign immunity to protect state treasuries in suits seeking monetary relief. *Ford Motor Co. v Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464 (1945); *Kentucky v. Graham*, 473 U.S. 159 (1985). Plaintiff seeks solely monetary relief against Defendants acting in their official capacities and therefore the *ex parte Young* exception does not apply.

### 2. Judge Matheussen is entitled to Judicial Immunity.

A judicial officer is entitled to absolute immunity when exercising his authority. *Bradley v. Fisher*, 80 U.S. 335, 352 (1872); *Pierson v. Ray*, 384 U.S. 547, 554 (1967). Judicial immunity is absolute and available even if a plaintiff alleges corruption or malicious intent. *Pierson*, 384 U.S. 547 at 554. Here, Plaintiff's only clear claim against Defendant Matheussen is that he entered a judgment against Plaintiff. Defendant Matheussen was thus definitionally acting within his judicial capacity and therefore he is entitled to absolute judicial immunity.

## IV. CONCLUSION

Plaintiff is barred from bringing suit for money damages against Defendants for actions taken in their official capacities. As such, Defendants' Motion to Dismiss is **GRANTED**. An order follows.

Dated: _6/5/2018_____                                         /s Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge